UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LUCRECIA GREENWOOD, ) | |
| ) | Civil Action No. 3:25-cv-6527-MGL-PJG |
| Plaintiff, ) | |
| ) | |
| v. ) | **DEFENDANT'S MEMORANDUM IN** |
| ) | **SUPPORT OF MOTION FOR PARTIAL** |
| CROSS COUNTRY MORTGAGE, LLC ) | **DISMISSAL OF PLAINTIFF'S** |
| d/b/a PALMETTO MORTGAGE GROUP, ) | **COMPLAINT** |
| ) | |
| Defendant. ) | |

Defendant Cross Country Mortgage, LLC d/b/a Palmetto Mortgage Group ("CCM" or "Defendant") hereby submits this Memorandum in Support of its Motion for Partial Dismissal of Plaintiff's Complaint. For the reasons set forth herein, the Motion should be GRANTED.

## **INTRODUCTION**

Plaintiff's Title VII sex discrimination claim is untimely and should be dismissed. Plaintiff cannot avoid her obligation to arbitrate by alleging a meritless sexual harassment claim.

## **PROCEDURAL BACKGROUND**

On May 14, 2025, Plaintiff filed a lawsuit in South Carolina state court alleging claims for violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Pregnancy Discrimination Act, and the Family Medical Leave Act arising out of her employment with Defendant. On June 30, 2025, Defendant removed the case to federal court. Defendant now seeks dismissal of Plaintiff's Title VII sex discrimination claim on the grounds that it was untimely filed.

## FACTUAL BACKGROUND

**Plaintiff's Claims of Sexual Harassment**

Plaintiff alleges prior to her employment with Defendant, Ms. Greenwood began working with Brian Prahl at Residential Finance as his loan assistant in October of 2012. (Compl. at ¶ 6). The Complaint alleges that in June of 2018, while working for her former employer, she was promoted to Operations Manager. (*Id*. at ¶ 7). It was not until April 25, 2022, that Ms. Greenwood and "all employees of PMG [Palmetto Mortgage Group] became employees of Cross Country Mortgage". (*Id*. at ¶ 26).

Pursuant to Plaintiff's Complaint, in March of 2020, operations for her former employer went remote due to COVID-19. (*Id*. at ¶ 9). Plaintiff's Complaint alleges that despite the pandemic, this was a busy time for the company, herself, and the rest of the employees of PMG. (*Id*. at ¶ 10). However, between 2021 and 2022, many operations employees returned to the office. (*Id*. at ¶ 14).

While participating in a recruitment meeting with the "Greenville Branch", Plaintiff alleges that Mr. Prahl slapped her on the butt. (*Id*. at ¶ 16). Notably, Plaintiff does not allege when this purported conduct occurred. Plaintiff alleges she was subject to "unwanted sexual touching" on a separate, unspecified occasion. (*Id*. at ¶ 19). Again, absent from Plaintiff's Complaint are any allegations as to when the alleged unwanted sexual touching occurred. The Complaint contains no allegations of Ms. Greenwood being subjected to unwanted sexual conduct after February of 2022. (See generally *Id*. at ¶¶ 25-87).

Plaintiff's Complaint alleges she was terminated on November 21, 2022, based on the pretext of reduction in force. (*Id*. at ¶ 86). The Complaint contains no plausible allegations of fact suggesting that Plaintiff was terminated because of her gender.

On or about March 3, 2023, Plaintiff filed a Charge of Discrimination, alleging claims of discrimination against Defendant based on sex as well as retaliation. (Attached hereto as Exhibit A).[1] Absent from both Plaintiff's Charge of Discrimination and Complaint are any allegations that Plaintiff was subject to sexual harassment within 300 days prior to her filing the Charge of Discrimination. Plaintiff's Title VII claim of sexual harassment is not timely.

## LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) requires dismissal of a complaint if it "fail[s] to state a claim upon which relief can be granted." 12(b)(6) motions test the sufficiency of a complaint but "do[] not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Butler v. United States*, 702 F.3d 749, 752 (4th Cir. 2012) (internal citation omitted). Courts "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). However, courts are not bound by "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts. Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

Courts grant 12(b)(6) motions where the complaint lacks "enough facts to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1949

---

[1] In regards to Exhibit A, because Plaintiff's Complaint references her EEOC charge (Compl. ¶ 4), this Court can review those documents without converting Defendant's Motion into a motion for summary judgment. See, e.g., *Stewart v. Pension Trust of Bethlehem Steel Corp.*, 12 Fed App'x 174, 176 (4th Cir. 2001) ("A district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies.") (internal citation and alterations omitted); see also *Pierce v. Office Depot,* C.A. No. 0:13-cv-3601, 2014 WL 6473630, at *5 (D.S.C. Nov. 18, 2014) ("[A] court may consider an EEOC charge and other EEOC documentation when considering a motion to dismiss because such documents are integral to the complaint as Plaintiff necessarily relies on these documents....") (internal citations and quotations omitted).

(2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

In addition, a Rule 12(b)(1) motion tests subject-matter jurisdiction, which is the Court's "statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (emphasis omitted). The party invoking federal jurisdiction has the burden of establishing its existence. *Id.* at 104. A federal Court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479-80 (4th Cir. 2005). To proceed in this Court, all plaintiffs "must satisfy 'the irreducible constitutional minimum of standing' that is required in order to invoke [federal] jurisdiction." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 454 (4th Cir. 2017), cert. denied, 585 U.S. 1004 (2018) (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992)).

**ARGUMENT**

I. **Plaintiff's Title VII Sexual Harassment Claims Are Untimely Filed and Must Be Dismissed.**

In South Carolina, a charge of discrimination must be filed within 300 days after an "alleged unlawful employment practice" occurred. 42 U.S.C. § 2000e—5(e)(1). "A plaintiff's

failure to file a charge within the applicable limitations period bars a later lawsuit in federal court." *Greene-Winchester v. Georgetown Cnty. Sch. Dist.*, No. 2:20-cv-03830-BHH-MHC, 2022 U.S. Dist. LEXIS 158163, 2022 WL 4181000, at *5 (D.S.C. July 12, 2022) (internal quotation marks omitted), *Report and Recommendation adopted by* 2022 U.S. Dist. LEXIS 157179, 2022 WL 3754731 (D.S.C. Aug. 30, 2022); *see Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). ("[A] violation not made the subject of a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed and is merely an unfortunate event in history which has no present legal consequences." (internal quotation marks omitted)); *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994) ("When the plaintiff fails to file such a [charge] in a timely fashion with the EEOC, the claim is time-barred in federal court."); *Allen v. Perfect Delivery N. Am.*, No. 6:23-cv-01651-BHH-JDA, 2023 U.S. Dist. LEXIS 204620, at *6-7 (D.S.C. Oct. 25, 2023).

Plaintiff failed to file a Charge of Discrimination within 300 days of the alleged sexual harassment. Ms. Greenwood filed a Charge of Discrimination with the EEOC and the South Carolina Human Affairs Commission on March 3, 2023. However, neither her Charge of Discrimination nor her Complaint allege that she was subject to any instances of alleged sexual harassment within 300 days prior to March 3, 2023. Accordingly, by operation of Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Ms. Greenwood's sexual harassment allegations must be dismissed.

## II.     Plaintiff's Title VII Sex Discrimination Claim is Insufficiently Pled

Plaintiff's first cause of action for sex discrimination is based on alleged sexual harassment of herself and reporting sexual harassment of others. See Compl. at ¶ 90. However, to establish a *prima facie* case of discrimination on the basis of sex an individual must show: (1) that she is a member of a protected class; (2) she suffered an adverse employment action; (3) that she was

performing well enough to meet the legitimate expectations of his employer; and (4) the adverse employment action gives rise to an inference of unlawful discrimination. *McKiver v. Gen. Elec. Co.*, 11 F. Supp. 2d 755, 758 (M.D.N.C. 1997).

Plaintiff's Complaint fails to allege any facts that would give rise to an inference of unlawful discrimination. One of the most common ways to establish such circumstances is to point to a similarly situated comparator outside of the protected class who was treated differently. Alternatively, a plaintiff can also point to any other circumstantial evidence suggesting discrimination. *Bryant v. Aiken Reg'l Med. Ctrs. Inc.*, 333 F.3d 536, 545-46 (4th Cir. 2003). Plaintiff's Complaint does not identify any similarly situated comparators who were treated differently than her or any other circumstantial evidence supporting an inference of discrimination regarding her termination. Further, Plaintiff's Complaint does not identify any factual circumstances giving rise to an inference of discrimination with regarding her termination. Indeed, Ms. Greenwood fails to even suggest that her gender was a motivating factor in her termination.

Alternatively, Ms. Greenwood's first cause of action also appears to contain a claim for sexual harassment. However, as alleged, Plaintiff's Complaint lacks plausible factual allegations to support that the supposed conduct was sufficiently pervasive as to alter the conditions of employment. *Ocheltree v. Scollon Productions, Inc.*, 335 F.3d 325, 331 (4th Cir. 2003) (*en banc*).

Actionable sexual harassment under Title VII requires proof of 1) unwelcome conduct; 2) based on the Plaintiff's sex; 3) sufficiently severe or pervasive to alter the Plaintiff's conditions of employment and create an abusive work environment; and 4) that is imputable to the employer. *Okoli v. City of Baltimore*, 648 F.3d 216, 220 (4th Cir. 2011). The third element (severe or pervasive) requires factual allegations relating to the frequency of the conduct, "severity, whether the conduct is physically threatening or humiliating rather than merely offensive and whether the

conduct interferes with the employee's work performance." *Harris v. Forklift Sys. Inc.,* 510 U.S. 17, 23 (1993). "Establishing the third element requires that the Plaintiff shows that the work environment was not only subjectively hostile; but objectively so." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011).

"Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment that a reasonable person would find hostile or abusive is beyond Title VII's purview." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 19 (1993). Even assuming Plaintiff's sexual harassment claim was timely, the Complaint fails to allege facts of sufficient pervasiveness to satisfy Title VII standards.

Plaintiff's Complaint alleges two instances of "sexual touching". (Compl. at ¶¶ 16, 19). However, Plaintiff fails to allege specific facts regarding the dates of these limited occurrences sufficient to establish pervasiveness. *Carter v. Ball*, 33 F.3d 450, 461 (4th Cir. 1994) (holding that "general allegations" regarding a hostile work environment without "accounts of specific dates, times or circumstances" are insufficient to state a hostile work environment claim.); see also *Carroll v. Amazon Data Servs.,* No. 121CV01177RDATCB, 2022 U.S. Dist. LEXIS 140958, 2022 WL 3161895, at *6 (E.D. Va. Aug. 8, 2022) ("Failure to plead at least modest details that would allow the Court to assess the frequency and severity of allegedly harassing conduct can warrant dismissal of a hostile work environment claim."); *Jones v. HCA*, 16 F. Supp. 3d 622, 630-31 (E.D. Va. 2014) (dismissing a hostile work environment claim where the plaintiff failed to plead any specific allegations that could "shed any light into [the] severity or frequency" of the purportedly harassing conduct). In short, there are no pled facts to show the conduct described was sufficiently frequent.

### III.     Plaintiff Cannot Avoid Arbitration[2]

As discussed more fully in Defendant's Motion to Compel Arbitration and to Stay Proceedings, and the corresponding Memorandum, Plaintiff's sexual harassment claim cannot be used as a basis to avoid her contractual promise to arbitrate.  First, as part of her employment agreement, Plaintiff and CCM mutually agreed to submit all disputes arising out of or relating to her employment with CCM to binding arbitration.  (Exhibit B at ¶ 6.13)[3].  As evidenced by Plaintiff's Complaint, there exists a dispute between the parties, which is based on conduct and action that occurred during her employment.  (See Compl. generally).  Because her discrimination, retaliation, and FMLA claims all relate to alleged employment violations against CCM during her employment, the arbitration provision covers the scope of this dispute and her claims must be brought in arbitration.  Finally, as addressed above, Plaintiff cannot state a viable claim for sexual harassment.  Without a valid sexual harassment claim, the protections of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, do not apply.   Thus, in accordance with her contractual obligations, Plaintiff must arbitrate these claims.

---

[2] To the extent an arbitrator does not have the authority to dispose of Plaintiff's sex discrimination claim, Defendant is asking this Court to dispose of this claim based on the foregoing arguments and further compel arbitration.

[3] In regards to Exhibit B, because Plaintiff's Employment Agreement is integral to the complaint. this Court can review those documents without converting Defendant's Motion into a motion for summary judgment. See, e.g., *Stewart v. Pension Trust of Bethlehem Steel Corp.*, 12 Fed App'x 174, 176 (4th Cir. 2001) ("A district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies.") (internal citation and alterations omitted); see also Bourgeois v. Live Nation Entm't, Inc., 3 F.Supp.3d 423, 2014 U.S. Dist. LEXIS 30343, 2014 WL 936841, at *9 (D.Md. 2014) (quoting Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009))( the court, "may properly consider documents 'attached or incorporated into the complaint,' as well as documents attached to the defense motion, 'so long as they are integral to the complaint and authentic.'"

**CONCLUSION**

For the foregoing reasons, Defendant, respectfully requests that the Court issue an Order GRANTING its Motion for Partial Dismissal of Plaintiff's Complaint and dismissing with prejudice Plaintiff's untimely Title VII sex discrimination claim against Defendant.

Respectfully submitted this 7th day of July, 2025.

          **LEWIS BRISBOIS BISGAARD & SMITH LLP**

          */s/ Elizabeth M. Brooks*
          Elizabeth M. Brooks
          South Carolina Bar No.: 103818
          DSC Attorney ID No.: 14505
          24 Drayton Street, Suite 300
          Savannah, Georgia 31401
          Telephone: 912-525-4963
          Email: Beth.Brooks@lewisbrisbois.com

          Philip A. Hinson (*pro hac vice pending*)
          NC State Bar No. 42907
          Margaret Taviano (*pro hac vice pending*)
          NC State Bar No. 61506
          Lewis Brisbois Bisgaard & Smith LLP
          521 East Morehead Street, Suite 250
          Charlotte, North Carolina 28202
          Phone: 704-557-9929
          Fax:  704-557-9932
          Email: Philip.Hinson@lewisbrisbois.com
                 Margaret.Taviano@lewisbrisbois.com

          *Counsel for Cross Country Mortgage, LLC*
          *d/b/a Palmetto Mortgage Group*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing "DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT" was electronically filed with the Clerk of Court using the CM/ECF filing system which will automatically send notification to the following:

Shannon Polvi
1418 Laurel Street, Suite A
Columbia, South Carolina 29211
shannon@cromerbabb.com

This the 7th day of July, 2025.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Elizabeth M. Brooks*
Elizabeth M. Brooks
South Carolina Bar No.: 103818
DSC Attorney ID No.: 14505
24 Drayton Street, Suite 300
Savannah, Georgia 31401
Telephone: 912-525-4963
Email: Beth.Brooks@lewisbrisbois.com

Philip A. Hinson (*pro hac vice pending*)
NC State Bar No. 42907
Margaret Taviano (*pro hac vice pending*)
NC State Bar No. 61506
Lewis Brisbois Bisgaard & Smith LLP
521 East Morehead Street, Suite 250
Charlotte, North Carolina 28202
Phone: 704-557-9929
Fax: 704-557-9932
Email: Philip.Hinson@lewisbrisbois.com
         Margaret.Taviano@lewisbrisbois.com

*Counsel for Cross Country Mortgage, LLC d/b/a Palmetto Mortgage Group*