

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| LUCRECIA GREENWOOD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:25-6527-MGL-PJG |
| | § | |
| CROSS COUNTRY MORTGAGE, LLC, | § | |
| *d/b/a Palmetto Mortgage Group*, | § | |
| | § | |
| Defendant. | § | |

**ORDER DECLINING TO ADOPT THE REPORT AND RECOMMENDATION,
SUSTAINING PLAINTIFF'S OBJECTIONS, DENYING DEFENDANT'S MOTION TO
COMPEL ARBITRATION AND STAY PROCEEDINGS,
AND DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS**

## I.     INTRODUCTION

Plaintiff Lucrecia Greenwood brought this action against her former employer Cross Country Mortgage, LLC (Cross Country), alleging violations of various federal statutes regulating the workplace.  Defendant filed motions to dismiss the case in part and to compel arbitration.

This matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge suggesting to the Court Cross Country's motion to compel arbitration be granted and the case stayed.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

## II.    FACTUAL AND PROCEDURAL HISTORY

Accepting as true Greenwood's allegations in her complaint, she was employed by a predecessor of Cross Country for many years before being promoted to Operations Manager in 2018.  As relevant here, she raises various allegations of sexual harassment she experienced or witnessed.  According to Greenwood, her direct supervisor was Brian Prahl, who employed his friends and created "a type of 'frat house' environment" in the office.  Complaint ¶ 8.

She describes one incident in either 2021 or 2022 where "Prahl slapped Plaintiff on the butt" at a meeting.  Complaint ¶ 16.  She alleges "previous and subsequent similar experiences" and "unwanted sexual touching of Plaintiff" by Prahl, including another, separate instance where "Prahl smacked Plaintiff on the butt."  Complaint ¶¶ 18-20.  She alleges she was frequently "compelled to participate" in various meetings "not based on her expertise, but rather on her appearance."  Complaint ¶ 16.

The complaint also alleges, evidently in the months following these events, Greenwood witnessed harassment of a gay male coworker and was informed by multiple female coworkers of similar harassment they suffered.  Complaint ¶¶ 27-30, 43, 49, 67-70.  Greenwood also reported the harassment of these other victims, and each time Cross Country failed to address the complaints.  Complaint ¶¶ 34-36, 43, 49.

Greenwood also states Cross Country retaliated against her for these reports.  Complaint ¶¶ 99-101.  She claims her salary "was cut by $24,000" after a "meeting with Prahl in October 2022, where [she] engaged in protected activities."  Complaint ¶ 55.  Further, on "November 17, 2022, Plaintiff had a roughly 2.5-hour meeting with three human resources representatives and corporate compliance" wherein she "engaged in Title VII and other statutorily protected activities

during that meeting." Complaint ¶ 83. By the following Monday, Greenwood had been terminated. Complaint ¶¶ 84-86.

After filing a charge of discrimination with the Equal Employment Opportunity Commission, Greenwood then filed this complaint, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k); the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* For purpose of addressing the motions before the Court, only the claims arising under Title VII are important.

After removal from state court, Cross Country filed a motion to dismiss the claims arising under Title VII and a motion to compel arbitration. Greenwood filed responses, and Cross Country filed replies to those responses.

The Magistrate Judge filed the Report on November 6, 2025, recommending this Court grant the motion to compel arbitration because Greenwood signed an arbitration agreement and the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (EFAA), which the Court will discuss below, is inapplicable. Greenwood filed objections to the Report on November 20, 2025. Cross Country filed a reply on December 4, 2025.


III.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

3

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

"In assessing the sufficiency of a complaint, this Court 'assume[s] as true all its well-pleaded facts and draw[s] all reasonable inferences in favor of the plaintiff.'"  *Bazemore v. Best Buy*, 957 F.3d 195, 200 (4th Cir. 2020) (alteration original) (quoting *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017)).  "To survive a motion to dismiss, a complaint must simply contain factual allegations that 'raise a right to relief above the speculative level, thereby nudging [the] claims across the line from conceivable to plausible.'"  *Id.* (alteration original) (quoting *Hately v. Watts*, 917 F.3d 770, 782 (4th Cir. 2019)).

## IV.    DISCUSSION AND ANALYSIS

The Magistrate Judge recommends this Court grant Cross Country's motion to compel arbitration and to stay the case.  It therefore left the partial motion to dismiss unaddressed.  The Court will consider each motion in turn.

### A.  Motion to Compel Arbitration and Stay Proceedings

Greenwood raises several objections to the Magistrate Judge's recommendation the EFAA is inapplicable to her case.  As will be explained, it is necessary now to address only one: she asserts the Magistrate Judge erred by concluding her retaliation claim was based solely on her reports other people experienced sexual harassment and, therefore, the EFAA does not apply.  Objections at 2-4.  Greenwood has failed to present any reason she could avoid arbitration other than the EFAA.

### 1. *Greenwood's Retaliation Claim*

Greenwood alleges Cross Country retaliated against her when it fired her shortly after she spoke with human resources personnel for over two hours on November 17, 2022.

The Magistrate Judge concluded the EFAA was inapplicable to this case because the EFAA went into effect on March 3, 2022, and almost all of Greenwood's claims arose before that date. The Magistrate Judge determined Greenwood's "alleged protected activity" prior to March 3, 2022, was only "her reports of alleged harassment of co-workers." *Id.* She reasoned that activity "relates solely to her retaliation claim," and "retaliation claim[s] based on reporting her co-workers' misfortunes do not fall within the purview of the EFAA." *Id.* (citing *Newman v. Ambry Genetics Corportion*, No. 2:24-CV-00887-BHH-MGB at *5 (D.S.C. Apr. 26, 2024), *adopted in part as modified*, No. 2:24-CV-00887-BHH-MGB, 2024 WL 3811606 (D.S.C. Aug. 14, 2024).

Greenwood objects to this conclusion in the Report and asserts, "The Complaint alleges classic protected activity opposing sexual harassment in the workplace and immediate retaliation directly linked to Plaintiff's reports of sexual harassment of herself and other women." Objections at 2. Cross Country contends otherwise—that her retaliation claim "is based entirely on events involving other employees and other alleged perpetrators." Defendant's Response at 2.

Although further clarity was possible, the complaint plausibly alleges Greenwood was fired—at least in part—because she reported her own sexual harassment allegations. As noted, she alleges she met with "three human resources representatives and corporate compliance" for over two hours on November 17, 2022, during which she "engaged in Title VII and other statutorily protected activities." Complaint ¶ 83. While, of course, "statements of bare legal conclusions 'are not entitled to the assumption of truth,'" *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)), Greenwood did more. Paragraph after

paragraph of the complaint preceding this allegation explained—and the Court is obligated to accept these statements as true—Greenwood worked in "a type of 'frat house' environment," she was touched multiple times in sexual ways without her consent and in front of others, and her prior complaints about her own sexual harassment and that of others had been disregarded, disputed, and largely ignored.  With that context, her claim she engaged in activity protected by Title VII on November 17, 2022, more than plausibly implies she reported her own experiences of sexual harassment during an hours-long meeting with human resources personnel.

Cross Country is correct Greenwood failed to specifically allege she informed the human resources and corporate compliance personnel of harassment she experienced herself.  But, in this context, such specificity is unnecessary.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations[.]'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (stating that where the district court must determine if a plaintiff has sufficiently stated a claim, it must "draw all reasonable inferences in favor of the plaintiff").  It is more than plausible—for pleading purposes—Greenwood was fired because she reported sexual harassment she herself experienced.  Thus, she has brought a claim for retaliation based on her own sexual harassment, and the Magistrate Judge erred in its conclusion to the contrary.  Greenwood's objection on this point will be sustained.

### 2.  *Scope of EFAA Invalidation*

It is first necessary to consider the EFAA generally. Federal law generally makes arbitration provisions valid.  *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443-44 (2006) (explaining an arbitration agreement is "valid, irrevocable, and enforceable, save upon such

grounds as exist at law or in equity for the revocation of any contract" (quoting 9 U.S.C. § 2)).  By enacting the EFAA, however, Congress provided an exception:

> [A]t the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, . . . no predispute arbitration agreement . . . shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.

9 U.S.C. § 402(a).  Further, the EFAA requires the Court to determine its applicability rather than the arbiter.  *Id.* § 402(b) ("The applicability of this chapter . . . shall be determined by a court, rather than an arbitrator . . . .").

In determining the scope of the EFAA, the starting point for analysis is the text itself.  *State v. United States*, 7 F.4th 160, 165 (4th Cir. 2021) ("When discerning congressional intent, we begin with statutory text." (citing *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004))).  The Act applies "to any dispute or claim that arises or accrues on or after" March 3, 2022, when the EFAA was enacted. Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 § 3, Pub. L. 117-90, 136 Stat. 26.  It invalidates an arbitration provision, at the election of the complainant, "with respect to a case" which "relates to . . . the sexual harassment dispute" alleged.  9 U.S.C. § 402(a). In turn, "sexual harassment dispute" is defined broadly: any "dispute relating to conduct that is alleged to constitute sexual harassment" under law.  Taken together, the Act is expansive—it applies to any case in any way relating to an allegation of sexual harassment under law.

Having established Greenwood's retaliation claim is based on her own experience, the remaining analysis is straightforward.  She has stated claim of retaliation for conduct occurring in November of 2022.  Because the EFFA has an effective date of March 3, 2022, it can apply to her claim.

Greenwood urges the Court to further hold "the EFAA applies to [her] entire case" rather than individual claims.  Plaintiff's Objections at 10-11.  Cross Country argues a "stand-alone"

7

retaliation claim is insufficient to implicate the EFAA.  Defendant's Response at 7 (quoting *Mitchell v. Raymond James & Assocs., Inc.*, No. 8:23-CV-2341-VMC-TGW, 2024 WL 4486565 (M.D. Fla. Aug. 23, 2024), *report and recommendation adopted*, No. 8:23-CV-2341-VMC-TGW, 2024 WL 4263151 (M.D. Fla. Sept. 23, 2024).  In Cross Country's view, because the complaint "lacks any viable personal harassment allegations," Greenwood "remains subject to arbitration." Motion to Compel at 10.

The Court disagrees with Cross Country because a claim of retaliation for reporting sexual harassment obviously "relates to" a sexual harassment dispute, 9 U.S.C. § 402(a), and is a "dispute relating to conduct that is alleged to constitute sexual harassment," *id.* at § 401(4).  Therefore, Greenwood's claim of retaliation is sufficient to implicate the EFAA.  *See Olivieri v. Stifel, Nicolaus & Co., Inc.*, 112 F.4th 74, 92 (2d Cir. 2024) (holding a retaliation claim "relates to" a harassment disputes and implicates the EFAA).

The EFAA, when applicable, allows a complainant to invalidate an arbitration agreement "with respect to a case which is filed under Federal, Tribal, or State law . . . ."  9 U.S.C. § 402(a). Congress's use of the term "claim" in other provisions of the act—Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 § 3—indicates an intent to distinguish between a mere claim and the entire case within which that claim arises, and Congress chose to allow a complainant to invalidate the agreement as to the entire case.  *See Bruce v. Adams & Reese, LLP*, 168 F.4th 367, 382 (6th Cir. 2026) ("[T]he EFAA's text renders an arbitration agreement '[un]enforceable with respect to' a plaintiff's entire case, or action, and not only with respect to certain claims therein." (citation omitted) (second alteration in original)).

Because Greenwood brings at least one claim relating to a sexual harassment dispute, the arbitration agreement is unenforceable as to the entire case.  Thus, the Court will sustain

Greenwood's objection and decline to adopt the Magistrate Judge's analysis and conclusion in the Report. It is unnecessary for the Court to address Greenwood's remaining objections concerning the motion to compel.

### B. *Partial Motion to Dismiss*

In addition to its motion to compel arbitration, Cross Country filed a partial motion to dismiss under Rules 12(b)(6) and 12(b)(1), seeking dismissal of only Greenwood's Title VII claims. Defendant's Memorandum in Support of Motion for Partial Dismissal of Plaintiff's Complaint at 1 [hereinafter Memorandum in Support]. Cross Country presents three arguments.

Cross Country first argues Greenwood untimely filed her Charge with the EEOC. *See generally* 42 U.S.C. § 2000e-5(e)(1) (requiring complainants file a "charge" of unlawful discrimination with the EEOC within either 180- or 300-days of the challenged employment practice); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) (interpreting § 2000e-5 and determining the point in time at which different types of claims accrue). Greenwood filed a charge of discrimination with the EEOC on March 8, 2023. Memorandum in Support, Ex. A. The complaint appears to be a verbatim copy of the factual allegations in the charge. As noted, Greenwood claims she spoke with representatives from human resources for Cross Country for multiple hours on November 17, 2022, wherein she discussed these issues, and she was fired mere days later. *Id.* She also described a series of retaliatory conduct, including losing her bonus, in the months preceding her termination. *Id.* The charge alleges both discrimination and retaliation. *Id.*

Cross Country itself recognizes the complaint, and therefore the charge, is silent as to specific dates for many of its allegations. Defendant's Objections at 5 ("Plaintiff noticeably refrains from pleading the exact dates for the sexual harassment she alleges she directly

experienced, but it is clear from her Complaint that all such behavior occurred before the allegations regarding the events of February 2022 and thereafter.").  It is possible some of those allegations fall within 300 days of the charge she filed with the EEOC, so the argument is more appropriate for summary judgment.  *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (stating affirmative defenses, like a statute of limitations, can succeed on a motion to dismiss only "if all facts necessary to the affirmative defense clearly appear[] on the face of the complaint'" (quoting *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (alteration original)).  Therefore, dismissal under Rule 12(b)(6) on this basis would be improper.

Cross Country's second argument is Greenwood fails to state a plausible claim for relief on her harassment claim.  "Because an employee's work environment is a term or condition of employment, harassment based on sex is actionable under Title VII."  *Ray v. Int'l Paper Co.*, 909 F.3d 661, 666 (4th Cir. 2018).  "To succeed on a hostile work environment claim alleging sexual harassment, a plaintiff must show that the offensive conduct (1) was unwelcome, (2) was based on her sex, (3) was 'sufficiently severe or pervasive to alter [her] conditions of employment and to create an abusive work environment,' and (4) was imputable to her employer."  *Id.* (alteration original) (quoting *Crockett v. Mission Hosp., Inc.*, 717 F.3d 348, 354 (4th Cir. 2013)).

Cross Country argues Greenwood's allegations fails the third element.  It makes two points: (1) Greenwood "does not identify any factual circumstances giving rise to an inference of discrimination . . . regarding her termination" and she "fails to even suggest that her gender was a motivating factor in her termination"; and (2) "there are no pled facts to show the conduct described was sufficiently frequent" as to violate Title VII.  Memorandum in support at 6-7.

First, Cross Country's assertion Greenwood fails to even allege she was terminated due to her sex is incorrect.  She is clear in her complaint: "The harassment and Defendant's termination

10

was based on sex . . . ."  Complaint ¶ 94.  Moreover, this argument is more appropriate for the summary judgment stage.  Greenwood has alleged a long series of harassment perpetrated by her direct supervisor; she was physically assaulted on multiple occasions in front of other employees; she was included in certain meetings solely because of her appearance; she suffered ongoing retaliation inherently because she is a woman complaining of this conduct; and she was ultimately fired in retaliation and because of her sex.  As addressed above, these allegations are sufficient to state a claim for relief.  *See Parker v. Reema Consulting Servs., Inc.*, 915 F.3d 297, 305 (4th Cir. 2019) (reversing dismissal of Title VII hostile work environment claim based solely on a rumor maligning the female plaintiff and which, allegedly, led to retaliation and ultimately her termination); *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998) ("[E]vidence that the alleged adverse action occurred shortly after the employer became aware of the protected activity is sufficient to 'satisf[y] the less onerous burden of making a prima facie case of causa[tion]'" (quoting *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989) (first alteration added))).

Cross Country's third argument is a restatement of its motion to compel arbitration.  The Court will reject this argument for the same reasons given for denying the motion to compel.

Finally, although Cross Country references Rule 12(b)(1) in its motion and Memorandum in Support, it fails to advance any argument in support of this theory whatsoever.  The argument is therefore waived.  *See Harris v. Town of S. Pines*, 110 F.4th 633, 648 (4th Cir. 2024) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (quoting *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017))).

11

Even if the Court were to consider the merits of the argument under Rule 12(b)(1), Greenwood alleges she suffered unlawfully discrimination under various federal statutes. Therefore, the Court has jurisdiction as the complaint raises a federal question. *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 550 (2019) ("Federal courts exercise jurisdiction over Title VII actions pursuant to 28 U.S.C. § 1331's grant of general federal-question jurisdiction, and Title VII's own jurisdictional provision, 42 U.S.C. § 2000e–5(f)(3) . . . .").

## V.    CONCLUSION

After a thorough review of the Report and the record in this case under the standard set forth above, the Court sustains Greenwood's objections and declines to adopt the Report.  For the reasons stated herein, it is the judgment of the Court Cross County's motion to compel arbitration and stay the case and its motion for partial dismissal are both **DENIED**.

**IT IS SO ORDERED.**

Signed this 31st day of March, 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

12